1 | **CARLIN & BUCHSBAUM, LLP**
GARY R. CARLIN, CSBN: 44945
2 | BRENT S. BUCHSBAUM: 194816
3 |   *brent@carlinbuchsbaum.com*
RONALD L. ZAMBRANO, CSBN: 255613
4 |   *ronald@carlinbuchsbaum.com*
5 | 555 E. Ocean Blvd., Suite 818
Long Beach, California 90802
6 | Tel (562) 432-8933
Fax (562) 435-1656
7 |
8 | Attorneys for Plaintiff,
JAMES REYNOLDS
9 |
                    UNITED STATES DISTRICT COURT
10 |
                  CENTRAL DISTRICT OF CALIFORNIA
11 |

12 | JAMES REYNOLDS                      CASE NO: 2:15−cv−02846−SVW−AS
13 | Plaintiff(s),
                                        (LASC Case No. BC552390)
14 |            v.
15 |
16 | THE BOEING COMPANY, et al.          **PLAINTIFF'S NOTICE OF MOTION
Defendant(s).                       AND MOTION TO REMAND;
17 |                                      MEMORANDUM OF POINTS &
                                        AUTHORITIES IN SUPPORT
18 |                                      THEREOF; DECLARATION OF
                                        RONALD L. ZAMBRANO**
19 |
20 |                                      **Date:   July 13, 2015
21 |                                      Time:   1:30 p.m.
                                        Room:  6**
22 |
23 |

24 |
           **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**
25 |
26 |        PLEASE TAKE NOTICE THAT on July 13, 2015 at 1:30 p.m. or as soon
27 | thereafter as the matter may be heard, in Courtroom 6 of the above-referenced Court,
28 |

-1-

located at 312 N Spring St, Los Angeles, CA 90012, Plaintiff will and hereby does

moves this Court for an order remanding this matter back to Los Angeles County

Superior Court.

This motion is brought pursuant to 28 U.S.C. Section 1446(a), 1446(b) on the

grounds that there is a lack of diversity subject matter jurisdiction.

This motion is supported by the attached Points and Authorities, the

Declaration of Ronald L. Zambrano, and its exhibits filed concurrently herewith, the

Reply in support of this Motion should one be filed, oral argument on the matter, and

the pleadings and files in this case.


DATED:  June 12, 2015            CARLIN & BUCHSBAUM, LLP


                                By:   /s/ Ronald L. Zambrano
                                      Gary R. Carlin
                                      Ronald L. Zambrano
                                      Attorneys for Plaintiff,
                                      JAMES REYNOLDS

## MEMORANDUM OF POINTS & AUTHORITIES

### I.     INTRODUCTION

Plaintiff seeks to remand this matter back to state court on the grounds that Defendant Douglas Choi is a resident of California, as is Plaintiff.  Therefore, Plaintiff respectfully asks this case be remanded to state court, as subject matter jurisdiction is lacking for the matter to remain in federal court.

### II.     THE PARTIES MET AND CONFERED ON THE ISSUE OF REMAND PRIOR TO THE FILING OF THE PRESENT MOTION

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place over the course of a few telephone conversations and an exchange of written correspondence, which culminated with an agreement to disagree on June 3, 2015.  (Declaration of Ronald L. Zambrano at ¶ 2 ("Zambrano").)

### III.     THIS MOTION TO REMAND IS TIMELY

A motion on the basis of a lack of subject matter jurisdiction may be raised "at any time before final judgment." (28 USC sec. 1447(c); FRCP 12(h)(3); see *American Fire & Cas. Co v. Finn* (1951) 341 US 6, 17-18 (defects in subject matter jurisdiction can even be raised on appeal for the first time).)

The present motion to remand is based on the premise this Court lacks subject matter jurisdiction as Defendant Choi, who was not fraudulently joined in this action and is still a party, is also a resident of California, the same state in which Plaintiff is a resident.  In other words, Defendant Choi destroys diversity jurisdiction.

1  Therefore, this motion is based on a lack of subject matter jurisdiction, and is timely

2  made.

### IV.    FACTUAL AND PROCEDURAL HISTORY

On July 22, 2014, Plaintiff filed a complaint in the Superior Court for the State

of California, County of Los Angeles, claiming the following against Defendants:

(1) Retaliation in Violation of Public Policy; (2) Discrimination on the Basis of Age;

(3) Retaliation in Violation of FEHA; (4) Discrimination on the Basis of Disability;

(5) Failure to Accommodate; (6) Failure to Engage in the Interactive Process; (7)

Hostile Work Environment; and (8) Intentional Infliction of Emotional Distress.

***The latter two causes of action are alleged against Defendant Choi personally.***

(See Complaint (Exh. "A" to Decl. Zambrano ("Compl.").)

On September 11, 2014, Defendant Boeing filed an Answer to the Complaint.

***On December 3, 2014, Defendant Choi filed an Answer to the Complaint.***

#### A.   ALLEGATIONS IN THE COMPLAINT AGAINST DEFENDANT CHOI

Specifically, Plaintiff alleged that throughout portions of 2012 and 2013, he

was subjected to ageist comments from employees at Defendant  Boeing, including

but not limited to his immediate supervisor, Defendant Choi.  (See Compl., p. 4, ¶

11.)  Plaintiff complained to Defendant Choi and others in management about the

ageist comments.  (*Id*.)  Thereafter, the ageist comments continued, and Defendant

Choi insinuated Defendant Choi would cause Plaintiff's employment  to end.  (*Id*.)

On or about July 25, 2013, Plaintiff began a medical leave of absence because

of back pain stemming from stress, anxiety and depression arising from the ageist comments Plaintiff was subjected to. (*Id*. at ¶ 12.) On July 26, 2013, Plaintiff was given his first negative performance review by Defendant Choi. (*Id*. at ¶ 13.)

### B. PLAINTIFF'S TESTIMONY ABOUT DEFENDANT CHOI

On March 17, 2015, in connection with his workers' compensation claim, Plaintiff testified at a deposition.   (Exh. "B" to Decl. Zambrano.) The examination did touch upon Defendant Choi, wherein Plaintiff stated the following:

- Defendant Choi asked Plaintiff *"When are you going to retire?"* Which led to Plaintiff's psychiatric issues. (Depo. Plf. at 38:16-21 (Exh. "B" to Decl. Zambrano).)

- Defendant Choi told Plaintiff *"You are an elderly employee . . . we are going to get somebody younger than you to replace you."* (*Id*. at 38:23-25 (Exh. "B" to Decl. Zambrano).) This was said on more than one occasion. (See Plf. Depo. Corrections. (Exh. "C" to Decl. Zambrano).) ;

- Defendant Choi told Plaintiff *"You need more training.  But because of your age, we can't frankly justify doing that."* (*Id*. at 41:23-25 (Exh. "B" to Decl. Zambrano).) This was said on more than two occasions. (See Plf. Depo. Corrections. (Exh. "C" to Decl. Zambrano).).

On or about April 16, 2015, Defendants removed this matter to federal court on the erroneous premise that Defendant Choi was fraudulently joined. Plaintiff respectfully seeks to remand this matter back to state court because Defendant Choi

is a resident of the same state as Plaintiff, preventing this federal court from having diversity subject matter jurisdiction.

## V.    ARGUMENT

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  (See *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).)  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." (*Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).)  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  (See *Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990.  As the party invoking federal jurisdiction, Defendants bear the burden of demonstrating that removal is proper. (See *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).)

### A.    AS THERE IS NO DIVERSITY OF CITIZENSHIP BETWEEN DEFENDANT CHOI AND PLAINTIFF, FEDERAL SUBJECT MATTER JURISDICTION IS LACKING

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. See 28 U.S.C. § 1332. Because Defendants cannot meet

their burden of demonstrating that the

parties are completely diverse, this action should be remanded.

### 1. Defendants Have Not Met Their Burden of Showing that Defendant Choi Has Been Fraudulently Joined

"Although an action may removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.' " (*Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted).)

If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." (*McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). )  If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity.  (See, e.g., *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).)

"***There is a presumption against finding fraudulent joinder***, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." (*Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (emphasis added).)  A claim of ***fraudulent joinder should be denied if there is any possibility that the plaintiffs may prevail on the cause of***

-7-

*action against the in-state defendant*.  (See *id*. at 1008, 1012 (emphasis added).)

"The standard is not whether plaintiffs will actually or even probably prevail on the

merits, but whether there is a possibility that they may do so."  (*Lieberman v.*

*Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996).)  "In

determining whether a defendant was joined fraudulently, ***the court must resolve 'all***

***disputed questions of fact and all ambiguities in the controlling state law in favor***

***of the non-removing party*.' "  (*Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v.*

*Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)) (emphasis added).)

Moreover, any doubts concerning the sufficiency of a cause of action due to in artful,

ambiguous, or technically defective pleading must be resolved in favor of remand.

(See *id*.)

It is undisputed Defendant Choi is a resident of California, and that Plaintiff is

a resident of California.  As there is a possibility Plaintiff may prevail against

Defendant Choi, there is can be no fraudulent joinder and this matter should be

remanded back to state court.

### (i).   A Possibility Exists that Plaintiff May Prevail Individually Against Defendant Choi Under a Theory of Hostile Work Environment Harassment

The California Fair Employment and Housing Action ("FEHA") prohibits an

employer from harassing an employee on the basis of age.  (See Cal. Gov. Code

§12940.)   An employee must show the conduct is either severe or pervasive to alter

the conditions of employment.  (See *Hughs v. Pair* 46 Cal. 4th 1035, 1043 (2009)

(not an employment case).)  The standard is "severe" or "pervasive," not both.

(Har*vill v. Westward Comm., LLC* 433 F. 3d. 428, 435 (5th Cir. 2005)

The United States Supreme Court has warned that the evidence in a hostile

environment case should not be viewed too narrowly:

> [T]he objective severity of harassment should be judged
> from the perspective of a reasonable person in the
> plaintiff's position, considering 'all the circumstances . . .
> [T]hat inquiry requires careful consideration of the social
> context in which particular behavior occurs and is
> experienced by its target . . . The real social impact of
> workplace behavior often depends on a constellation of
> surrounding circumstances, expectations, and relationships
> which are not fully captured by a simple recitation of the
> words used or the physical acts performed."  (*Oncale v.
> Sundowner Offshore Serv.,* 523 U.S. 75, 81-82 (1988).)

To be actionable, the abusive conduct need not be both severe and pervasive;

one or the other will do.  (*Sheffield v. Los Angeles County Dept. of Social Services*,

109 Cal. App. 4th 153, 160-161 (2d Dist. 2003).)  A few acts (or even a single act) by

supervisor may be sufficiently severe so as to alter the conditions of employment.

(See *Dee v. Vintage Petroleum* 106 Cal. App. 4th 30 (2d Dist. 2003); see also *Brooks

v. City of San Mateo*, 229 F 3d. 917, 927, fn. 9 (9th Cir. 2000).)

It is undisputed Defendant Choi was Plaintiff's supervisor.  In his capacity as

supervisor, Defendant Choi asked Plaintiff  *"When are you going to retire?"*; *"You

are an elderly employee . . . we are going to get somebody younger than you to

replace you"*; and *"You need more training.  But because of your age, we can't

frankly justify doing that."*  (Depo. Plf. at 38:16-21, 23-25; 41:23-25 (Exh. "B" to

Decl. Zambrano); see also Plf. Depo. Corrections. (Exh. "C" to Decl. Zambrano) .)

These ageist comments were directed at Plaintiff by Defendant Choi on more than

one occasion.  (*Id*.)  Moreover,  these are not the only ageist comments said to

Plaintiff.  (Plf. Depo. Corrections. (Exh. "C".)  It cannot be declared with certainty

that these comments and/or their frequency cannot, under any circumstances, suffice

to prevail on a age harassment claim.

Moreover, the effect on the employee's psychological well-being is relevant in

determining whether a Plaintiff actually found the environment abusive.  (*Harris v.

Forklift Systems, Inc.*, 510 U.S. 17, 22 (1993).)    Here, Plaintiff began a medical

leave of absence because of back pain stemming from stress, anxiety and depression

arising from the ageist comments Plaintiff was subjected to.  (Compl. at ¶ 12 (Exh.

"A" to Decl. Zambrano).)

Based on the foregoing facts and allegations, there is a possibility that Plaintiff

may prevail on his claim of hostile work environment against Defendant Choi

individually.  Therefore, Defendants cannot meet their burden of showing that

Defendant Choi was fraudulently joined, and this case should be remanded back to

stat court.

### (ii).    A Possibility Exists that Plaintiff May Prevail Against Defendant Choi Under a Theory of Intentional Infliction of Emotional Distress

With respect to Defendants' claim that Defendant Choi's conduct does not

constitute extreme and outrageous conduct, respectfully, the Court cannot conclude

that Plaintiff has no possibility of stating a claim of intentional infliction of emotional

distress ("IIED").  (See, e.g., *Asurmendi v. Tyco Electronics Corp.*, 2009 WL

650386, at *5 (N.D. Cal. 2009) (concluding that supervisor's verbal criticism,

including the verbal reprimand that Plaintiff was doing things the "old fashioned

way," could form a sufficient basis for an intentional infliction of emotional distress

claim); *Vincent v. First Republic Bank Inc.*, 2010 WL 1980223, at *4 (N.D. Cal.

2010) ("While plaintiff's allegations may fall short of proving outrageous conduct,

this order cannot conclude that plaintiff has absolutely no possibility of stating a

claim, if afforded an opportunity to amend."). )

        Likewise, it cannot be concluded that Plaintiff's claim for intentional infliction

of emotional distress is barred by the exclusive remedy provision of the California

Workers' Compensation Act, Cal. Labor Code § 3600, et seq.  (See, e.g., *Charles v.*

*ADT Sec. Services*, 2009 WL 5184454, at

*3 (C.D. Cal. 2009) (concluding that the presence of alleged disability discrimination

takes Plaintiff's case "out from under" the workers' compensation exclusivity

provisions); *Barsell v. Urban Outfitters, Inc.,* 2009 WL 1916495, at *4 (C.D. Cal.

2009) ("Because the claim is based on allegations of disability discrimination, there

is a non-fanciful possibility that the workers' compensation exclusivity provisions do

not bar Barsell's claim against Redding."); *De Ruiz v. Courtyard Management*

*Corp.*, 2006 WL 2053505, at *2 (N.D. Cal. 2006) ("An employer's decision to

discharge an employee in violation of fundamental policy cannot be considered a

normal party of the employment relationship, and does not fall within the purview of [California's Workers' Compensation Act].").

As stated *ad nauseum* above, Defendant Choi made various ageist comments to Plaintiff on various occasions wherein a possibility exists that a fact-finder can find same to constituted liability against Defendant Choi individually under a theory of IIED.  Therefore, Defendants cannot establish their burden of showing fraudulent joinder, and this case should be remanded back to state court.

## VI.   CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this matter immediately be remanded back to state court.

DATED:  June 12, 2015          CARLIN & BUCHSBAUM, LLP


                               By:   /s/ Ronald L. Zambrano
                                    Gary R. Carlin
                                    Ronald L. Zambrano
                                    Attorneys for Plaintiff,
                                    JAMES REYNOLDS

# DECLARATION OF RONALD L. ZAMBRANO

I, Ronald L. Zambrano, hereby declare as follows:

1.      I am licensed to practice law in the United States District Court, Central District of California and am a partner of the law firm Carlin & Buchsbaum, LLP, counsel of record for Plaintiffs.  I have personal knowledge of the facts set forth below or have gained such knowledge from my review of the file in this case.  If called as a witness, I could and would competently testify to the facts stated herein.

2.      Since May 14, 2015, counsel for Defendants and I have had a courteous exchange of idea concerning remanding this matter to state court.  This meet and confer effort culminated in the proverbial "agreeing to disagree" last Wednesday, June 3, 2015.

3.      Attached hereto is the original Plaintiffs' Memorandum of Points and Authorities.  The following Exhibits are attached to said document in support thereof:

   a. Attached as Exhibit "A" is a true and correct copy of the Complaint filed the Los Angeles County Superior Court.

   b. Attached as Exhibit "B" is a true and correct copies of pertinent pages of Plaintiff's Deposition (Mar. 17, 2015).

   c. Attached as Exhibit "C" please find a true and correct copy of the deposition corrections to Plaintiff's Deposition of March 17, 2015.

1    I declare under penalty of perjury under the laws of the State of California that

2

3    the foregoing is true and correct.

4

5

6    Executed this 12th day of June, 2015, at Los Angeles, California.

7

8

9                                                  /s/ Ronald L. Zambrano

10                                                 Ronald L. Zambrano

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**CERTIFICATE OF SERVICE**</u>

Name of Case

       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 555 East Ocean Blvd., Suite 818, Long Beach, California 90802.

       On June 12, 2015, I served the foregoing document described as:

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF RONALD L. ZAMBRANO**

       The true copies thereof were enclosed in a sealed envelope and addressed as follows:

**Counsel for Defendants,**
**Daniel F. Fears, Esq.**
   *dff@paynefears.com*
**Andrew K. Haeffele, Esq.**
   *akh@paynefears.com*
**PAYNE & FEARS, LLP**
**4 Park Plaza, Suite 1100**
**Irvine, California 92614**

***Facsimile: (949)851-1212***

<u>**XX**</u>    **BY CM/ECF:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

\_\_\_\_    **BY MAIL:** I am readily familiar with my employer's practice for collection and processing of documents for mailing with the United States Postal Service and that practice is that the documents are deposited with the United States Postal Service with postage fully prepaid the same day as the day of collection in the ordinary course of business.  On this date, I served the above interested parties following my employer's ordinary business practices.

\_\_\_\_    **BY OVERNIGHT DELIVERY**: I caused such envelope to be delivered via overnight delivery (FedEx) addressed as indicated above for deposit and delivery by The Law Offices of Carlin & Buchsbaum, LLP, following ordinary business practices

\_\_\_\_    **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee.

_____  **BY FACSIMILE:** I caused such document to be served on all parties to this action via facsimile at the numbers indicated on the attached service list. The facsimile machine I used complied with Rule 2003 and no error was reported by the machine.  Pursuant to Rule 2006, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this document.

<u>XX</u>   **(FEDERAL)** I declare under penalty of perjury under the laws of the United States that the above is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed, June 12, 2015, at Long Beach, California.

/s/ Kimberly Kelly
KIMBERLY KELLY, Declarant