Daniel F. Fears, State Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, State Bar No. 258992
akh@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile:  (949) 851-1212

Attorneys for Defendants THE BOEING COMPANY
and DOUGLAS CHOI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

| | |
|---|---|
| JAMES REYNOLDS, | Case No. 2:15-cv-02846-SVW-AS |
| Plaintiff, | Honorable Stephen V. Wilson |
| v. | **DEFENDANT THE BOEING COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |
| THE BOEING COMPANY, a Delaware corporation; DOUGLAS CHOI, an individual; and DOES 1 through 250, inclusive, | |
| Defendants. | Date:        July 13, 2015<br>Time:        1:30 PM<br>Courtroom:   6 |

Defendant The Boeing Company ("Boeing") respectfully submits the following Opposition to Plaintiff's Motion to Remand:

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ............................................................................ 2

II.   PLAINTIFF'S REMAND MOTION IS UNTIMELY ................................ 3

     A.   The Parties' Meet and Confer Efforts ....................................... 3

     B.   By Waiting More Than Thirty (30) Days, Plaintiff Has Waived His Right to Seek Remand ............................................................. 4

III.  STATEMENT OF FACTS AND PROCEDURAL HISTORY ....................... 7

     A.   Plaintiff's Claims .................................................................. 7

     B.   Removal .............................................................................. 7

IV.   ARGUMENTS AND AUTHORITIES ............................................... 10

     A.   Harassment ......................................................................... 10

         1.   *Plaintiff's Harassment Claim is Barred by the Statute of Limitations* ................................................................. 10

         2.   *The "Corrections" to Plaintiff's Deposition Testimony Should be Ignored Because they Improperly Expand,  Contradict, and Reverse Plaintiff's Original Testimony* .................................................. 11

         3.   *In Addition to Being Barred by the Statute of Limitations, There is No Possibility of Plaintiff Prevailing on the Merits of His Hostile Work Environment Claim Against Choi* ................................................. 13

     B.   Plaintiff Cannot Possibly Recover Against Choi on the Basis of Intentional Infliction of Emotional Distress .......................... 16

         1.   *California's Workers' Compensation Act Provides the Sole Remedy for Plaintiff's Intentional Infliction of Emotional Distress Claim* ............................................. 16

         2.   *The Mere Pleading of Disability Discrimination Does Not Permanently Shield a Plaintiff's IIED Allegations from WCA Preemption* ............................................................. 19

         3.   *Plaintiff's Testimony Confirms That He Does Not Allege That Choi Engaged in Extreme and Outrageous Conduct* ............... 21

V.    CONCLUSION ............................................................................ 22

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1

# **TABLE OF AUTHORITIES**

2

**Page**

**FEDERAL CASES**

*Am. Oil Co. v. McMullin*,
433 F.2d 1091 (10th Cir.1970) ............................................................. 6

*American Fire & Cas. Co. v. Finn*,
341 US 6 (1951) ..................................................................................... 4

*Azco Biotech Inc. v. Qiagen, N.V.*,
No. 12-CV-2599-BEN DHB, 2015 WL 350567 (S.D. Cal. Jan. 23, 2015) ....... 13

*Barsell v. Urban Outfitters, Inc.*,
No. CV 09-02604 MMM, 2009 WL 1916495 (C.D. Cal. 2009) ...................... 19

*Blackburn v. United Parcel Serv., Inc.*,
179 F.3d 81 (3d Cir.1999) ..................................................................... 6

*Blair v. CBE Group Inc.*,
No. 13-CV-00134-MMA WVG, 2015 WL 3397629 (S.D. Cal. May 26,
2015) .................................................................................................. 13

*Buscemi v. McDonnell Douglas Corp.*,
736 F.2d 1348 (9th Cir. 1984) ............................................................. 22

*Charles v. ADT Sec. Servs.*,
No. CV 09-5025 PSG, 2009 WL 5184454 (C.D. Cal. 2009) ..................... 19

*Cozzi v. County of Marin*,
787 F. Supp. 2d 1047 (N.D. Cal. April 2011) ....................................... 15

*Farm Constr. Servs., Inc. v. Fudge*,
831 F.2d 18 (1st Cir.1987) ..................................................................... 6

*Galdamez v. Potter*,
415 F.3d 1015 (9th Cir.2005) ............................................................... 14

*Hambleton Bros. Lumber Co. v. Balkin Enters.*,
397 F.3d 1217 (9th Cir. 2005) ............................................................. 12

*Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*,
213 F.3d 48 (2d Cir.2000) ..................................................................... 6

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

---

*Handley-Mack Co. v. Godchaux Sugar Co.*,
2 F.2d 435 (6th Cir.1924) ................................................................... 6

*Harris v. Forklift Systems, Inc.*,
510 U.S. 17 (1993) .......................................................................... 14

*Hill v. Hill-Love*,
509 Fed. Appx. 605 (9th Cir. 2013) ...................................................... 6

*Hurley v. Motor Coach Indus. Inc.*,
222 F.3d 377 (7th Cir.2000) ............................................................... 6

*Hurt v. Dow Chem. Co.*,
963 F.2d 1142 (8th Cir.1992) .............................................................. 6

*In re Shell Oil Co.*,
932 F.2d 1518 (5th Cir.1991) .............................................................. 6

*Kortan v. Cal. Youth Auth.*,
217 F.3d 1104 (9th Cir. 2000) ............................................................ 20

*Langevin v. Fed. Express Corp.*,
No. CV 14-08105 MMM, 2015 WL 1006367 (C.D. Cal. March 6, 2015)..17, 18

*Lively v. Wild Oats Mkts., Inc.*,
456 F. 3d 933 (9th Cir. 2006) ......................................................2, 3, 5, 6

*Morris v. Princess Cruises, Inc.*,
236 F.3d 1061 (9th Cir. 2001) ........................................................... 19

*Pacheco de Perez v. AT & T Co.*,
139 F.3d 1368 (11th Cir.1998) ............................................................ 6

*U.S. Bank Nat'l Ass'n. v. Gudoy*,
No. 3:10-CV-1440-IEG, 2010 WL 4974570 (S.D. Cal. Nov. 30, 2010) ......... 6, 7

*Vasquez v. County of L.A.*,
349 F.3d 634 (9th Cir. 2003) ............................................................. 14

**STATE CASES**

*Arteaga v. Brink's Inc.*,
163 Cal. App. 4th 327 (2008) ............................................................. 20

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

*Christensen v. Super. Ct.*,
   54 Cal. 3d 868 (1991) ...................................................................................21

*Conley v. Roman Catholic Archbishop of S.F.*,
   85 Cal. App. 4th 1126 (2000) ........................................................................21

*Janken v. GM Hughes Elecs.*,
   46 Cal. App. 4th 55 (1996) .....................................................................15, 22

*Jones v. Dep't of Corrs.*,
   152 Cal. App. 4th 1367 (2007) ......................................................................15

*Kelly-Zurian v. Wohl Shoe Co.*,
   22 Cal. App. 4th 397 (1994) ..........................................................................14

*Livitsanos v. Super. Ct.*,
   2 Cal. 4th 744 (1992) ...............................................................................17, 18

*Lyle v. Warner Bros. Television Prods.*,
   38 Cal.4th 264 (2006) ....................................................................................14

*Miklosy v. Regents of the Univ. of Cal.*,
   44 Cal. 4th 876 (2008) .......................................................................17, 18, 19

*Reno v. Baird*,
   18 Cal.4th 640 (1998) ..............................................................................14, 15

*Scotch v. Art Inst. of Cal.*,
   173 Cal. App. 4th 986 (2009) ........................................................................20

*Shoemaker v. Myers*,
   52 Cal. 3d 1 (1990) ........................................................................................22

*Yanowitz v. L'Oreal USA, Inc.*,
   36 Cal. 4th 1028 (2005) .................................................................................20

**FEDERAL STATUTES**

28 U.S.C. § 1332 ..................................................................................................2

28 U.S.C. § 1441(b) ..................................................................................2, 4, 5, 6

28 U.S.C. § 1447(c) ......................................................................................2, 4, 5

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**STATE STATUTES**

Cal. Gov. Code § 12960 ........................................................................... 10

Cal. Lab. Code § 3601(a) .......................................................................... 17

Gov. Code § 12960's .............................................................................. 2, 9

**OTHER AUTHORITIES**

CACI 1600 ............................................................................................... 21

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## I.  __INTRODUCTION__

The instant Remand Motion should be summarily dismissed as untimely. Specifically, the Court's inquiry should go no further than a finding of waiver; namely Plaintiff's failure to timely object and file his Motion within the prescribed thirty (30) day period under 28 U.S.C. § 1447(c), and the controlling Ninth Circuit authority in *Lively v. Wild Oats Mkts., Inc.*, 456 F. 3d 933, 939-42 (9th Cir. 2006). This glaring defect is conveniently glossed over in Plaintiff's moving papers, despite Plaintiff's counsel being put on notice of it in prior "meet and confer" discussions between counsel.

Even if the Court were to look beyond the waiver issue, remand is nonetheless improper because complete diversity exists under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b).  Douglas Choi ("Choi"), the only non-diverse defendant in this action, is a "sham" defendant, fraudulently joined only for the purpose of avoiding federal jurisdiction.[1]

Plaintiff has provided clear, unequivocal testimony which confirms that he cannot possibly maintain either of his causes action asserted against individually named defendant Choi (IIED and hostile work environment).  His IIED claim is barred by the Workers' Compensation Act's exclusivity provisions.  His hostile work environment claim is barred by Gov. Code Section 12960's one-year limitations period (and his allegations in support of this claim fall well short of California's "severe and pervasive" standard).

Furthermore, Plaintiff's prior deposition testimony confirms that he has no possibility of making a substantive showing for either claim.  Plaintiff has identified no severe or pervasive conduct in support of his hostile work

---

[1] Indeed, Plaintiff's counsel somewhat brazenly offered to completely dismiss Choi from the lawsuit if Boeing would do nothing more than stipulate to remand.  (Declaration of Andrew K. Haeffele, ¶5 and Exh. "B").

environment claim, has identified no extreme and outrageous conduct in support of his IIED claim, and has failed to identify a single change in the terms and conditions of his employment (indeed, Plaintiff remains an employee of Boeing, and will be returning from a medical leave on July 16, 2015).

In his remand motion, Plaintiff attempts to side-step these issues, and avoid federal jurisdiction, by manufacturing (only **after** being served with a copy of Boeing's Removal Petition) a self-serving errata sheet which makes wholesale, contradictory changes to his damaging deposition testimony.  Plaintiff should not be rewarded for such bad-faith tactics.  Accordingly, for all of the reasons set forth herein, Boeing respectfully requests that this Court deny Plaintiff's Motion.

## II.   **PLAINTIFF'S REMAND MOTION IS UNTIMELY**

Under the forum defendant rule, a plaintiff who moves for remand based on lack of diversity must do so within 30 days of when the notice of removal has been filed. *See Lively*, 456 F.3d at 939-42 (explaining that the forum defendant rule is procedural, not jurisdictional; thus, a plaintiff must move for remand within 30 days of when the notice of removal is filed).  Failure to do so constitutes a waiver of the right to seek remand.  *Id.* at 942; *Powell v. DEF Express, Inc.*, 265 Fed. Appx. 672, 674 (9th Cir. 2008) ("[F]ailure to file [a motion to remand under the forum defendant rule] within the 30-day statutory period result[s] in forfeiture of [the plaintiff's] procedural objections to removal.").

### A.   The Parties' Meet and Confer Efforts

On May 15, 2015, after exchanging emails regarding Plaintiff's intention to seek remand, counsel for the parties met and conferred via telephone to discuss the viability of Plaintiff's claims against Choi.  (Haeffele Decl., ¶3).  Counsel for Defendants reminded Plaintiff's counsel that his Motion was subject to a 30-day statutory limit.  (*Id*.).

On May 22, 2015, counsel for the parties again met and conferred via telephone.  (*Id.* at ¶5).  During the discussion, counsel for Plaintiff offered to

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1   dismiss Choi from the lawsuit if Boeing would stipulate to the case being

2   remanded to state court.  (*Id*. and Exh. "B").

3        On June 3, 2015, counsel for the parties met and conferred via telephone for

4   a third and final time.  (*Id*. at ¶6).  Counsel for Defendants reiterated that the 30-

5   day statutory limit had already run, and asked Plaintiff's counsel to review the

6   authorities cited in Defendants' June 3, 2015 meet and confer email.  (*Id*. and Exh.

7   "B").

8        On June 12, 2015, Plaintiff filed his Motion to Remand.

9   **B.**    **By Waiting More Than Thirty (30) Days, Plaintiff Has Waived**

10           **His Right to Seek Remand**

11       Boeing filed its notice of removal on April 16, 2015.  Plaintiff's remand

12  motion was therefore due on or before May 16, 2015, yet Plaintiff declined to

13  timely seek remand.  Instead, relying on 60+ year old precedent, which obviously

14  pre-dates the amendments to § 1447(c), Plaintiff inexplicably waited until June 12,

15  2015, to file his motion -- 27 days *after* the 30-day deadline had passed.

16       In his Motion, Plaintiff cites to and relies exclusively upon *American Fire &*

17  *Cas. Co. v. Finn*, 341 US 6, 17-18 (1951), which is based on statutory language

18  that has been substantively amended at least twice.  Plaintiff claims that *American*

19  *Fire* stands for the proposition that "defects in subject matter jurisdiction may be

20  raised at any time before final judgment."  (Remand Motion, p. 3).  However,

21  while *subject matter jurisdiction* may be challenged at any time, "the forum

22  defendant rule embodied in § 1441(b) is a procedural requirement, and thus, a

23  violation of this rule constitutes a waivable <u>non-jurisdictional</u> defect subject to the

24  30-day time limit imposed by § 1447(c).[2]"  *Wild Oats*, 456 F.3d at 942.

25  _____

26       [2] The Ninth Circuit (citing *Siegel, Commentary on 1996 Revision of Section*

27  *1447(c)*) acknowledged "it's awkward to describe a defect of 'procedure' as

    something that has to do not with mechanics, but with the citizenship of a party.

28      (footnote continued)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

In *Wild Oats*, the plaintiff filed a state court action against Wild Oats Market ("WOM") seeking damages for an accident that occurred at one of WOM's locations.  WOM immediately removed on the basis of diversity jurisdiction.  *Id.* at 936.  Eight months later, the District Court remanded the case, holding that removal was improper because WOM, a California citizen and local defendant, violated the forum defendant rule contained in Section 1441(b).  *Id.* at 936-37.  WOM timely appealed.

In reversing the District Court's decision, the Ninth Circuit focused on the 1996 changes to Section 1447(c).  The Ninth Circuit "agree[d] with the Eleventh Circuit's historical analysis of § 1447(c), which concludes that, by substituting 'defect other than lack of subject matter jurisdiction' for 'defect in removal procedure,' Congress sought to ensure that even the 'more substantive' removal defects, such as § 1441(b) violations, were subject to the 30-day time limit."  *Id.*  The Ninth Circuit then explained that "although the forum defendant rule is not a traditional rule of removal procedure, as articulated in § 1446 . . . the 1996 amendments to § 1447(c) subject § 1441(b) violations to the 30-day time limit."  *Id.* at 939.

In reaching its decision, the Ninth Circuit reviewed decisions from each of the other circuits which had previously decided the issue, noting that the "overwhelming weight of authority [is on] the nonjurisdictional side of the debate":

> Our interpretation of § 1441(b) comports with eight of the nine other circuits that have addressed this issue.  *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 50 n. 2 (2d Cir.2000) (describing a violation of the forum defendant rule as a waivable "procedural defect"); *Hurley v. Motor Coach Indus. Inc.*, 222 F.3d 377, 380 (7th Cir.2000) (holding that the forum defendant rule "is more a matter of removal procedure,

The defect ... is nevertheless subject to the 30-day limit."  *Wild Oats*, 456 F.3d at 939.

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

and hence waivable, than a matter of jurisdiction"); *Blackburn v. United Parcel Serv., Inc.*, 179 F.3d 81, 90 n. 3 (3d Cir.1999) (describing a § 1441(b) violation as a waivable removal defect); *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1372 n. 4 (11th Cir.1998) (same); *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir.1991) (same); *Farm Constr. Servs., Inc. v. Fudge*, 831 F.2d 18, 22 (1st Cir.1987) (holding that a violation of the forum defendant rule did not strip the district court of its jurisdiction because it was a "technical" defect that had been waived); *Am. Oil Co. v. McMullin*, 433 F.2d 1091, 1095 (10th Cir.1970) (describing a § 1441(b) violation as a waivable defect in removal proceedings); *Handley-Mack Co. v. Godchaux Sugar Co.*, 2 F.2d 435, 437 (6th Cir.1924) (describing removal by a forum defendant as a "technical" violation); *but see Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1146 n. 1 (8th Cir.1992) (holding that a violation of § 1441(b) is a non-waivable jurisdictional defect).[3]

*Id.* at 940.

Since 2006, federal courts in the Ninth Circuit have consistently followed the rule articulated in *Wild Oats*. *See e.g. Hill v. Hill*-Love, 509 Fed. Appx. 605 (9th Cir. 2013) (Explaining that although Defendant, a citizen of California, violated the forum defendant rule by removing to District Court in California, plaintiff waived the procedural defect by failing to move for remand within 30 days following removal.); *U.S. Bank Nat'l Ass'n. v. Gudoy*, No. 3:10-CV-1440-IEG, 2010 WL 4974570, at *3 (S.D. Cal. Nov. 30, 2010) (Holding that "by waiting more than thirty days to move for remand, Plaintiff waived its right to object to removal based on the forum defendant rule.").

Accordingly, by electing not to seek remand within 30 days, Plaintiff waived his right to seek remand under the forum defendant rule.  On this basis alone, Plaintiff's Motion should be denied.

_____

[3] "Like the courts that have considered *Hurt*, we reject the Eighth Circuit's approach. In light of § 1447(c)'s legislative history, the purpose of § 1441(b), and the approach used by the majority of the other circuits, we are not persuaded that the forum defendant rule is a statutory requirement, which, if not met, deprives the district court of original jurisdiction."  *Wild Oats*, 456 F.3d at 941.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## III.   SUMMARY OF FACTS AND PROCEDURAL HISTORY

### A.   Plaintiff's Claims

On July 22, 2014, Plaintiff filed this action in the Superior Court of the State of California, County of Los Angeles, against Boeing and Choi.  In his complaint, Plaintiff alleged the following causes of action: (1) Retaliation in Violation of Public Policy; (2) Discrimination Based on Age; (3) Retaliation in Violation of FEHA; (4) Discrimination Based on Disability; (5) Failure to Accommodate; (6) Failure to Engage in the Interactive Process; (7) Hostile Work Environment; and (8) Intentional Infliction of Emotional Distress.  (*Id.*).  The first six causes of action are asserted against Boeing only.  (*Id.* at ¶¶16-72).  The seventh and eighth causes of action are asserted against Boeing and Choi.  (*Id.* at ¶¶73-86).

### B.   Removal

This action was not removable at inception because (1) Choi is a California citizen, and (2) the frivolous nature of Plaintiff's claims against Choi could not be determined from the face of the Complaint.  However, on March 17, 2015, Plaintiff was deposed in his related workers' compensation lawsuit.  (*See* Haeffele Decl., Exh. "A").  During this deposition, Plaintiff was asked a series of questions about his interactions and complaints about Choi.

*First*, according to Plaintiff, in July 2013, he received his first and only negative performance review.  (Reynolds Depo., 43:11-44:2, 62:13-15)[4].  The performance review was actually a mid-year review, which served as a progress update, and included no performance ratings.  (Declaration of Douglas Choi, Exh. "C").  In fact, only the "Manager's Comments" section was used, while the rest of the form was left blank (as is standard for mid-year reviews).  (*Id.*).  In the Managers Comments section, Choi highlighted the importance of learning the

---

[4] The complete transcript of the March 17, 2015 deposition of James Reynolds is attached to the Haeffele Decl. as Exhibit "A."

skills necessary to perform the 7-series airplane statement of work ("SOW"):

> Jim's work performance has issues mainly due to lack of tool skills that are need to perform the current SOW, which are mostly 7-series SOW. Most of the future SOW will require the utilization of those tools. Jim can perform the heritage MDC SOW without difficulty, but that type of SOW will not be available on full time basis.

(*Id.*at ¶8 and Exh. "C").  Six months earlier, Choi had made the same comment in Plaintiff's 2012 review:

> We discussed my concerns regarding Jim's inadequate skill level in supporting the airplane program SOW. Jim was made aware that being restricted in certain types of work (mainly MDC work) will decrease his value to the group.

(*Id.* at ¶7 and Exh. "B.").  And 12 months before that, Choi had made the same comment in Plaintiff's 2011 review:

> Jim was strongly encouraged to learn the design skills for CATIA V5 and ENOVIA to avoid being limited in utilization within MDC work.

(*Id.* at ¶3 and Exh. "A.").

*Second*, in connection with Plaintiff's mid-year and year-end reviews, Plaintiff and Choi met to discuss Plaintiff's performance.  Plaintiff alleges that during these meetings, Choi inquired about his eventual retirement plans.  When asked to provide context, Plaintiff testified as follows:

> Q:   And he would make these statements by themselves?
> A:   No.
> Q:   In what context would he makes these statements to you?
> A:   Just discussing -- he wanted to know what my plans were.
> Q:   So he would call you into his office to discuss your future plans?
> A:   Yes.

(Reynolds Depo., 40:12-21)

When asked how frequently Choi made such inquiries, Plaintiff testified "I would say it would happen during the annual reviews."  (Reynolds Depo., 44:11-12).  And when asked if Choi made such inquires at any other time, Plaintiff

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-8-

testified "not that I can recall."  (Reynolds Depo., 44:16-18).  Finally, when asked about Choi's demeanor, Plaintiff testified "I don't know, other than he was just doing his job, just stating what he had to state, but there was no irritation that I could detect."  (Reynolds Depo., 63:15-19).

*Third*, Plaintiff alleged that on one occasion, Choi made a single comment about Plaintiff being replaced by a younger employee.[5]  (Reynolds Depo., 44:19-21, 45:7-9).  When asked *when* Choi made the alleged comment, Plaintiff testified "the first part of 2013" -- *eighteen months* before Plaintiff filed his complaint with the Department of Fair Housing and Employment ("DFEH").  (*Id.* at 44:19-24; Haeffele Decl., Exh. "C").

*Finally*, after providing the above testimony, Plaintiff concluded by admitting that no other conduct "of a similar nature" occurred:

> Q:   Was there any other conduct made by Mr. Choi or anybody of a similar nature?
> A:   Towards me?
> Q:   Yes.
> A:   No.

(Reynolds Depo., 46:18-22).

Accordingly, because (1) Plaintiff's testimony limited Choi's alleged wrongful conduct to a single comment about being replaced by a younger employee (which is barred by Section 12960's one-year statute of limitations and falls well short of California's severe or pervasive requirement), and (2) Plaintiff testified that no other conduct of a similar nature had occurred, it became abundantly clear that Plaintiff had no colorable claim against Choi, and that Choi, the only non-diverse defendant, was fraudulently joined for the purpose of defeating diversity jurisdiction.  Accordingly, on April 16, 2015, Boeing removed this action to the United States District Court for the Central District of California.

---

[5] Choi denies making this comment, and the "replacement" never occurred. Plaintiff is still employed by Boeing and has never been "replaced."

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**IV.** **ARGUMENTS AND AUTHORITIES**

    **A.** **Harassment**

        **(1)** *Plaintiff's Harassment Claim is Barred by the Statute of Limitations*

Under California's Fair Employment and Housing Act ("FEHA"), a plaintiff who seeks to bring a cause of action against his employer for harassment, discrimination, or retaliation in state court, must first exhaust his administrative remedies with the Department of Fair Employment and Housing ("DFEH"). The DFEH exhaustion requirement is subject to a one-year statute of limitations. That is, a complaint must be filed with the DFEH within one year of the alleged unlawful act. Cal. Gov. Code § 12960.

Here, Plaintiff is pursuing his harassment cause of action based on an alleged comment which, according to Plaintiff's own testimony, was made in "the first part of 2013." However, Plaintiff filed his DFEH complaint on July 15, 2014, approximately 18 months after the comment was allegedly made. As explained above, Plaintiff's testimony confirms that this was the only interaction with Choi which he perceived to be wrongful or harassing. Plaintiff testified that "what [he] recalled [about his other interactions with Choi] was more of a matter-of-factly way of [Choi] expressing what he had to say," and that during these other interactions, Choi was "just doing his job, just stating what he had to state, but there was no irritation that [Plaintiff] could detect." (Reynolds Depo., 63:15-19, 64:17-18).

In other words, Plaintiff's testimony confirms that his harassment claim is predicated upon a single comment barred by the one-year DFEH exhaustion requirement. And Plaintiff cannot possibly bring this allegation within the limitations period without further contradicting and materially changing his testimony, which he has already attempted to improperly do to bolster his Motion to Remand. As explained below in Section (A)(2), such self-serving changes to

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1  deposition testimony are prohibited in the Ninth Circuit.

2  **(2)**   ***The "Corrections" to Plaintiff's Deposition Testimony***

3  ***Should be Ignored Because they Improperly Expand,***

4  ***Contradict, and Reverse Plaintiff's Original Testimony***

5  On May 13, 2015, after having Boeing's removal petition in hand for almost

6  one month, Plaintiff submitted an errata sheet which not only improperly adds to

7  (and expands) his testimony, but actually contradicts material admissions.  These

8  changes, which have absolutely no relevance to Plaintiff's workers' compensation

9  claim, are nothing more than a desperate "Hail Mary" attempt to manufacture

10  grounds for remand:

11  • On March 17, 2015, when asked "In the last year before March 24, 2014,
12  were there any single events that suddenly aggravated your low back pain,"
     Plaintiff testified "I can't recall now."  (Reynolds Depo., 25:24-26:2).  Four
13  weeks after Boeing removed this action, Plaintiff changed his testimony to
14  "Yes, Mr. Choi's ageist comments caused me stress which affected my
     back." (*See* Exh. "C" to the Declaration of Ronald L. Zambrano).[6]
15
     • On March 17, 2015, when asked "Do you have any other physical
16     symptoms that you believe are the responsibility of your employer … other
       than the orthopedic symptoms we described, the low back and the legs. And
17     you mentioned that your hips – your hips were involved also from the
       prolonged sitting," Plaintiff testified "Right. Yes. That's it, I believe."
18     (Reynolds Depo., 38:2-8).  Four weeks after Boeing removed this action,
19     Plaintiff changed his testimony to "stress from ageist comments by Mr.
       Choi."  (Zambrano Decl., Exh. "C").
20
     • On March 17, 2015, when asked "Would he make them at any other times
21     other than the reviews," Plaintiff testified "Not that I can recall."
       (Reynolds Depo., 44:16-18).  Four weeks after Boeing removed this action,
22     Plaintiff added to his testimony "but there were other times besides the
23     reviews."  (Zambrano Decl., Exh. "C").
24
     • On March 17, 2015, when asked "And the other statement that you
25     mentioned … when did he make that," Plaintiff testified "The first part of
26     2013, to the best of my recall."  (Reynolds Depo., 44:19-24).  Four weeks

27  ────────────────

     [6] Hereinafter "Zambrano Decl."
28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

after Boeing removed this action, Plaintiff added to his testimony "for the last several years." (Zambrano Decl., Exh. "C").

- On March 17, 2015, when asked "So is that a statement he made directly to you on only one occasion," Plaintiff testified "To the best of my recall." (Reynolds Depo., 45:7-9). Four weeks after Boeing removed this action, Plaintiff reversed his testimony to "No, there were other times." (Zambrano Decl., Exh. "C").

- On March 17, 2015, when asked "you don't remember any specific times when he made it outside of your reviews," Plaintiff testified "No." (Reynolds Depo., 46:8-10). Four weeks after Boeing removed this action, Plaintiff changed his testimony to "There were other times and comments." (Zambrano Decl., Exh. "C").

- On March 17, 2015, when asked "Had there been any other issues raised regarding your performance other than the use of the computers," Plaintiff testified "No." (Reynolds Depo., 47:10-12). Four weeks after Boeing removed this action, Plaintiff added to his testimony "except where he'd get in my face about my age." (Zambrano Decl., Exh. "C").

- On March 17, 2015, when asked why he didn't report Choi's alleged comments to anybody at Boeing, Plaintiff testified "I can't answer that. I don't have an answer for that … I just internalized it, kept it quiet." (Reynolds Depo., 49:24-50:3). Four weeks after Boeing removed this action, Plaintiff changed his testimony to "Mr. Choi told me to not go over his head, or else." (Zambrano Decl., Exh. "C").

- On March 17, 2015, when asked "Did you ever complain to him about them, did you tell him that they weren't fair," Plaintiff testified "I don't remember." (Reynolds Depo., 63:7-9). Four weeks after Boeing removed this action, Plaintiff reversed his testimony to "Yes, of course." (Zambrano Decl., Exh. "C").

Attempts to make such self-serving, after-the-fact substantive and contradictory changes to sworn testimony are prohibited, and such unseemly conduct certainly should not be rewarded. *See Hambleton Bros. Lumber Co. v. Balkin Enters.*, 397 F.3d 1217, 1225 (9th Cir. 2005) (holding that changes to deposition testimony should neither be contradictory, nor materially alter a deponent's testimony). The *Hambleton* Court explained that "contradictory changes to issues of central importance" -- like those cited above -- "justify

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1 striking an errata sheet and may be grounds for dismissal." *Id.*  Errata that

2 materially changes the answers "represent[s] lawyerly fixing of potentially

3 problematic testimony." *Blair v. CBE Group Inc.*, No. 13-CV-00134-MMA

4 WVG, 2015 WL 3397629, at *6 (S.D. Cal. May 26, 2015).

5 As a recent Southern District of California decision explains, "the purpose

6 of [errata] is obvious":

> Should the reporter make a substantive error, i.e., he
> reported "yes" but I said "no," or a formal error, i.e., he
> reported the name to be "Lawrence Smith" but the
> proper name is "Laurence Smith," then corrections by
> the deponent would be in order. The Rule cannot be
> interpreted to allow one to alter what was said under
> oath. If that were the case, one could merely answer the
> questions with no thought at all then return home and
> plan artful responses. Depositions differ from
> interrogatories in that regard. <u>A deposition is not a take
> home examination</u>.

14 *Azco Biotech Inc. v. Qiagen, N.V.*, No. 12-CV-2599-BEN DHB, 2015 WL 350567,

15 at *5 (S.D. Cal. Jan. 23, 2015) (emphasis added).

16 On March 17, 2015, Plaintiff was asked at his deposition clear, unequivocal

17 questions, and provided clear, unequivocal answers.  Plaintiff's after-the-fact, self-

18 serving changes not only expand and contradict his testimony, but in some cases,

19 completely reverse his admissions.  Indeed, these are exactly the type of changes

20 that the District Court for the Southern District of California had in mind when it

21 spoke of the lawyerly fixing of Plaintiff's problematic testimony.  Accordingly,

22 Boeing respectfully submits that these changes should be ignored, and that the

23 Court should strike Exhibit "C" (i.e. the "Errata") to the Zambrano Declaration, in

24 its entirety.

25

26 **(3)    *In Addition to Being Barred by the Statute of Limitations,***

27 ***There is No Possibility of Plaintiff Prevailing on the Merits***

28 ***of His Hostile Work Environment Claim Against Choi***

-13-

At the inception of this case, Plaintiff alleged, in the vaguest of terms, that he was "subjected to ageist comments." (Complaint, ¶76). This was the sole allegation offered in support of his hostile work environment claim against Choi. After nine months of litigating this case (as well as his workers' compensation lawsuit), Plaintiff was asked a series of questions, under oath, specific to this allegation. Plaintiff's own testimony limited Choi's alleged wrongful conduct to one alleged comment about being replaced by a younger employee. And when asked whether other wrongful comments (age-related or otherwise) were made towards him, Plaintiff testified:

> Q:    Was there any other conduct made by Mr. Choi or anybody of a similar nature?
> A:    Towards me?
> Q:    Yes.
> A:    No.

(Reynolds Depo., 46:18-22)

For at least two reasons, Plaintiff has failed to allege any actionable conduct by Choi in support of his hostile work environment claim.

*First*, the sole comment which Plaintiff testified that Choi made outside of his performance reviews is not only time-barred (occurring in "the first part of 2013"), but falls well short of meeting the "severe or pervasive" legal standard to establish actionable (hostile work environment) conduct. To prevail on an age-based hostile workplace/harassment claim, a plaintiff must show that he was subjected to verbal or physical conduct of an age-related nature, that the conduct was unwelcome, and that the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive work environment. *Vasquez v. County of L.A.*, 349 F.3d 634, 642 (9th Cir. 2003)[7]; *Kelly-Zurian v.*

_____

[7] California courts apply the same standard in FEHA cases, and seek guidance from Title VII decisions. *See Lyle v. Warner Bros. Television Prods.*, 38 Cal.4th 264, 279 (2006); *Reno v. Baird*, 18 Cal.4th 640, 646–47 (1998).

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

*Wohl Shoe Co.*, 22 Cal. App. 4th 397, 409 (1994) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)).  A determination of whether conduct qualifies as hostile under this standard includes its frequency, severity, and nature, including whether it is physically threatening or humiliating as opposed to merely verbally offensive.  *Galdamez v. Potter*, 415 F.3d 1015, 1023 (9th Cir.2005).

Furthermore, to be sufficiently "severe or pervasive," the alleged harassing conduct must be extreme -- simple teasing, offhand comments, and isolated incidents will not amount to discriminatory changes in the terms and conditions of employment.  *Jones v. Dep't of Corrs.*, 152 Cal. App. 4th 1367, 1377 (2007).  "[R]ather, the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature."  *Fisher*, *supra*, 214 Cal. App. 3d at p. 610.  "Acts of harassment [that are] occasional, isolated, sporadic, or trivial" will not constitute conduct sufficiently pervasive enough to amount to actionable harassment.  *Id*.  Most importantly, the FEHA does not proscribe a general civility code in the workplace.  *Cozzi v. County of Marin*, 787 F. Supp. 2d 1047, 1070 (N.D. Cal. April 2011).

Here, Plaintiff's testimony confirms that the alleged comment made in the "first part of 2013" (1) was neither "severe" nor "pervasive," (2) did not alter the conditions of his employment, and (3) did not create a hostile work environment.  And as explained, when asked if there "[w]as any other conduct made by Mr. Choi or anybody of a similar nature" -- Plaintiff testified "No."  (Reynolds Depo, 46:11-22).

*Second*, to the extent that Plaintiff is attempting to use his performance reviews as evidence, Choi's evaluation of Plaintiff's performance was textbook personnel management activity -- which has long been held to be not actionable against individual supervisors.  *Reno v. Baird*, 18 Cal. 4th 640, 646 (1998) (defining harassing conduct as conduct that takes place "outside the scope of necessary job performance, conduct presumably engaged in for personal

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1  gratification, because of meanness or bigotry, or for other personal motives");

2  *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996) (finding that the

3  supervisors were not liable for intentional infliction of emotional distress when

4  alleged conduct comprised of managing personnel).

5      Indeed, Plaintiff's testimony confirms that during the one-on-one meetings

6  regarding his performance reviews, Choi "was just doing his job, just stating what

7  he had to state, but there was no irritation that [Plaintiff] could detect." (Reynolds

8  Depo., 63:15-21).  Plaintiff's testimony also confirms that Choi's alleged inquiries

9  regarding Plaintiff's retirement plans (1) occurred only during his performance

10  reviews, and (2) in the context of "wanting to know what [Plaintiff's] plans were."

11  (Reynolds Depo., 39:12-17, 40:12-21, 44:3-18)[8].  As a matter of law, such

12  personnel management activities cannot possibly support a hostile work

13  environment claim.

14      Plaintiff's allegations against Choi are precisely the type that California

15  courts have found not to amount to actionable harassment.  Because Plaintiff's

16  own testimony confirms that his hostile work environment claim is not predicated

17  upon any actionable harassment, Plaintiff's seventh cause of action against Choi

18  cannot defeat diversity jurisdiction.

19      **B.**    **Plaintiff Cannot Possibly Recover Against Choi on a Claim for**

20          **Intentional Infliction of Emotional Distress**

21      **(1)**    ***California's Workers' Compensation Act Provides the Sole***

22              ***Remedy for Plaintiff's Intentional Infliction of Emotional***

23 ──────────────

24      [8] Note:  Choi has signed a declaration specifically explaining the context in
which Plaintiff's retirement plans were discussed.  At Paragraph 9 of his

25  declaration, Choi testifies as follows:  "During our discussion regarding his 2013
review, Jim informed me that he was planning to retire soon, and asked me if

26  could remain on the MDC work for another year or so until he retired.  Jim and I
discussed the timing of his retirement plans, and I explained that I would do my

27  best to keep him on MDC as long as MDC work was available, but that if his
retirement plans changed, he would need to become proficient in the tool skills

28  necessary to perform the 7-series Airplane SOW."

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-16-

***Distress Claim***.

It is well-established that California's Workers Compensation Act ("WCA") provides the exclusive remedy for an IIED claim that is based on alleged personnel activity.  *See* Cal. Lab. Code § 3601(a) ("Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation, pursuant to the provisions of this division is ... the exclusive remedy for injury or death of an employee against any other employee of the employer acting within the scope of his or her employment."); *see also Miklosy v. Regents of the Univ. of Cal.*, 44 Cal. 4th 876, 902-03 (2008); *Langevin v. Fed. Express Corp.*, No. CV 14-08105 MMM (FFMx), 2015 WL 1006367, at *8 (C.D. Cal. March 6, 2015).

Plaintiff's IIED cause of action is asserted against Choi (in addition to Boeing) on the basis that Choi allegedly (1) made ageist comments, and (2) gave Plaintiff a negative performance review.  However, when questioned under oath about these allegations, Plaintiff testified that Choi merely (1) inquired about Plaintiff's eventual retirement plans during his performance reviews, (2) gave Plaintiff one allegedly negative performance review in July 2013, and (3) made a single comment about Plaintiff being replaced by a younger employee (which never occurred).  In other words, Plaintiff's testimony limits Choi's alleged wrongful conduct to Plaintiff's disagreement with his July 2013 performance review, and a single alleged comment about eventually being replaced by a younger employee.

Under California law, IIED claims based on such alleged conduct are barred by the WCA's exclusivity provisions *even if* the alleged conduct violates a fundamental public policy.  *Miklosy*, 44 Cal. 4th at 902-03.  In *Miklosy*, the California Supreme Court clarified the scope of the public policy exception to WCA exclusivity, as set forth in *Livitsanos v. Super. Ct.*, 2 Cal. 4th 744 (1992).  It explained that the exception for conduct that "contravenes fundamental public policy" is designed solely to permit the filing of an action for wrongful discharge

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1   in violation of public policy.  *Miklosy*, 44 Cal. 4th at 902-03.  Here, it is

2   undisputed that Plaintiff has never been terminated by Boeing.

3        *Miklosy* is of particular importance here -- it forecloses any argument

4   that Plaintiff's allegations against Choi, even if true, fall within the public policy

5   exception, and demonstrates that under clearly established California law, Plaintiff

6   cannot maintain his IIED claim against Choi.

7        Following the California Supreme Court's holding in *Miklosy*,

8   California courts have repeatedly reiterated that IIED claims are barred by the

9   WCA's exclusivity provisions, even if they are based on conduct that allegedly

10  violates a fundamental public policy, because the *Livitsanos* public policy

11  exception operates <u>only</u> to permit *Tameny* actions for wrongful termination in

12  violation of public policy, not IIED claims.  *See e.g. Langevin*, 2015 WL 1006367

13  at *8. March 6, 2015) (explaining that following *Miklosy*, California courts have

14  held that California IIED claims are barred by the WCA's exclusivity provisions,

15  even if they are based on conduct that allegedly violates a fundamental public

16  policy); *Thibeaux v. GEO Group, Inc*., No. 13–CV–291–BEN (MDD), 2014 WL

17  6693782, at *3 (S.D.Cal. Nov. 25, 2014) ("[T]he California Supreme Court has

18  ruled that the exception for conduct that contravenes public policy is aimed at

19  permitting a *Tameny* action for wrongful discharge to proceed.  An IIED claim

20  based on the same allegations may nonetheless be barred."); *Smith v. Lowe's Hiw,

21  Inc*., No. 2:13–CV–1713 WBS (AC), 2014 WL 1419655, at *6 (E.D. Cal. Apr. 14,

22  2014) ("Some California courts have held that claims of intentional and negligent

23  infliction of emotional distress that are based on an employer's conduct that

24  contravenes fundamental public policy or exceeds the risks inherent in the

25  employment relationship are not subject to workers' compensation law

26  preemption.  The California Supreme Court, though, has subsequently clarified

27  that ... the exception for conduct that 'contravenes fundamental public policy'

28  simply means that a wrongful termination claim is not preempted by the workers'

compensation exclusive remedy rule (but the intentional infliction of emotional distress claim is).”); *Ferretti v.. Pfizer, Inc.*, No. 11–CV–04486, 2012 WL 3638541, at *12 (N.D. Cal. Aug. 22, 2012) (“The *Miklosy* Court reasoned that the first exception ... was meant to permit actions for wrongful termination in violation of a public policy (and not IIED claims).”).

Given the California Supreme Court's holding in *Miklosy*, and the additional authority following the *Miklosy* holding, it is now clear that Plaintiff cannot assert an IIED claim against Choi based on a purported violation of fundamental public policy. The exclusive remedy for such a claim is provided by the WCA.

**(2)**   ***The Mere Pleading of Disability Discrimination Does Not Permanently Shield a Plaintiff's IIED Allegations from WCA Preemption.***

In his Opposition, Plaintiff attempts to side-step *Miklosy's* holding by asserting an argument that is applicable at the pleading stage of litigation. Specifically, Plaintiff argues that because his July 2014 complaint includes a disability discrimination claim, the WCA's exclusivity provisions are not applicable to his IIED claim.  (Remand Motion, p. 11:16-25).  In support of his argument, Plaintiff cites *Charles v. ADT Sec. Servs.*, No. CV 09-5025 PSG (AJWx), 2009 WL 5184454 (C.D. Cal. 2009) and *Barsell v. Urban Outfitters, Inc.*, No. CV 09-02604 MMM (RZx), 2009 WL 1916495 (C.D. Cal. 2009). Importantly, both decisions address the “sham” nature of allegations *at the pleading stage of litigation*.

Unlike *ADT Sec. Servs.* and *Urban Outfitters*, this matter has been litigated for an entire year.  The parties have exchanged discovery, Plaintiff has provided deposition testimony in his related workers compensation lawsuit (in which he is represented by the same attorneys, Carlin & Buchsbaum LLP), and the parties have had ample opportunity to investigate the matter.  In other words, an attorney

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

manufactured complaint, drafted a year ago, does not trump the testimony

provided by Plaintiff under oath, and the "summary judgment-type evidence"

submitted by Boeing.  *See Morris v. Princess Cruises, Inc*., 236 F.3d 1061, 1068

(9th Cir. 2001) ("[F]raudulent joinder claims may be resolved by piercing the

pleadings and considering summary judgment-type evidence such as affidavits and

deposition testimony.").

Specifically, Boeing's evidence definitively shows that Plaintiff cannot

possibly establish a *prima facie* case of disability discrimination.  To establish his

*prima facie* case, Plaintiff must show that (1) he suffered from a disability; (2) he

was otherwise qualified to do his job; and (3) he was subjected to an adverse

employment action because of his disability.  *Scotch v. Art Inst. of Cal*., 173 Cal.

App. 4th 986, 1006 (2009); *Arteaga v. Brink's Inc*., 163 Cal. App. 4th 327 (2008).

Here, Plaintiff has failed to even *allege* that an adverse employment action

occurred, must less offer evidence of one.

An adverse employment action is defined as an "action [that] materially

affects the terms, conditions or privileges of employment."  *Yanowitz v. L'Oreal

USA, Inc*., 36 Cal. 4th 1028, 1050-52 (2005).  It is undisputed that Plaintiff has not

been terminated, demoted, transferred, disciplined, docked pay, stripped of title or

responsibility, or otherwise subjected to a material change in employment.  The

terms and conditions of Plaintiff's employment are the same today as they were

before his leave of absence.  (*See* Declaration of Nancy Miller, ¶¶2-4) (explaining

that Plaintiff's job title, salary, and benefits, are the same today as they were prior

to his leave of absence).  In fact, Plaintiff is scheduled to return to full-time duty

on July 16, 2015.  (Miller Decl., ¶5).

To the extent that Plaintiff attempts to characterize his July 2013 "negative

performance review" as an adverse employment action, that attempt must fail.  *See

Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1113 (9th Cir. 2000) (holding that a

low performance evaluation did not constitute an adverse employment action

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-20-

because "employee was not demoted, stripped of work responsibilities, fired or suspended, or otherwise treated adversely").

Moreover, even if a low performance review *could* serve as an adverse employment action, Plaintiff cannot connect his July 2013 review to his alleged disability.  As explained above, the issues identified in Plaintiff's July 2013 review were raised in his 2012 review, *and* his 2011 review.  Indeed, the comments in all three reviews were <u>identical</u> in substance, and all had to do with Plaintiff's need to learn how to use new tools to keep his skills current.  It is simply not possible for Plaintiff to establish a connection between an ongoing issue dating back to 2011, and a medical leave of absence that he initiated two years later.

Accordingly, Plaintiff cannot avoid the WCA's exclusivity by simply pointing to an allegation asserted in his pleading -- when the evidence definitively shows that a "non-fanciful" possibility of Plaintiff establishing his *prima facie* case simply does not exist.

**(3)    *Plaintiff's Testimony Confirms That He Does Not Allege That Choi Engaged in Extreme and Outrageous Conduct***

A plaintiff pleading IIED must allege (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard for the probability of causing, emotional distress; (2) that plaintiff suffered severe or extreme emotional distress; and (3) that the outrageous conduct actually and proximately caused the distress.  *Conley v. Roman Catholic Archbishop of S.F.*, 85 Cal. App. 4th 1126, 1133 (2000) (citing Cervantez v. J.C. Penney Co., 24 Cal. 3d 579, 593 (1979)).

As discussed above, in support of his IIED claim, the only so-called wrongful conduct by Choi that Plaintiff could identify was a negative performance review, Choi's alleged inquiry regarding Plaintiff's retirement plans, and a single comment about Plaintiff eventually being replaced by a younger employee.  As a matter of law, this alleged conduct falls well short of "extreme and outrageous."

-21-

To be outrageous, conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community."  The defendant must have engaged in conduct intended to inflict injury or engaged in with the realization that injury will result."  *Christensen v. Super. Ct.*, 54 Cal. 3d 868, 903 (1991); *see also*, 1-1600 CACI 1600.

California courts have expressly held that "[m]anaging personnel is not outrageous conduct beyond the bounds of human decency...[a] simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken*, 46 Cal. App. 4th at 80 (finding that supervisors were not liable for intentional infliction of emotional distress when the allegedly wrongful conduct involved the management of personnel).  Indeed, firing an employee, even without cause, does not constitute outrageous conduct.  *See Buscemi v. McDonnell Douglas Corp*., 736 F.2d 1348, 1352 (9th Cir. 1984) (applying California law).  Similarly, discipline and criticism, even if intentional, malicious, or discriminatory, will not give rise to an IIED claim.  *Janken*, 46 Cal. App. 4th at 80; *Shoemaker v. Myers*, 52 Cal. 3d 1, 25 (1990); Janken, 46 Cal. App. 4th at 80.

Therefore, even if Plaintiff's allegations were taken as true, all of the alleged conduct falls within the parameters of normal personnel management, and falls well short of "extreme and outrageous" conduct that exceeds all bounds of that which is usually tolerated in a civilized community.  And Plaintiff's own testimony has confirmed that his IIED claim is based on allegations against Choi that, even if proven, could not possibly meet the "extreme and outrageous" standard required under California law.  For this additional reason, Plaintiff cannot possibly maintain an IIED cause of action against Choi.

## V. **CONCLUSION**

For all of the reasons discussed above, Boeing respectfully submits that Plaintiff's Motion is untimely, and that there is no conceivable basis for Plaintiff to

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1   maintain a claim against his former manager.  Accordingly, Plaintiff's motion

2   should be denied.

3

4

5   DATED: June 22, 2015              PAYNE & FEARS  LLP

6

7

8                                    By:  _____ */s/* Daniel F. Fears
                                              DANIEL F. FEARS

9                                          ANDREW K. HAEFFELE

10

11                                   Attorneys for Defendants THE BOEING
                                     COMPANY and DOUGLAS CHOI

12

13   4843-3635-7413.2

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PAYNE & FEARS LLP**
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-23-
DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND