**CARLIN & BUCHSBAUM, LLP**
GARY R. CARLIN, CSBN: 44945
BRENT S. BUCHSBAUM: 194816
*brent@carlinbuchsbaum.com*
RONALD L. ZAMBRANO, CSBN: 255613
*ronald@carlinbuchsbaum.com*
555 E. Ocean Blvd., Suite 818
Long Beach, California 90802
Tel (562) 432-8933
Fax (562) 435-1656

Attorneys for Plaintiff,
JAMES REYNOLDS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES REYNOLDS<br>Plaintiff(s),<br><br>v.<br><br>THE BOEING COMPANY, et al.<br>Defendant(s). | CASE NO: 2:15−cv−02846−SVW−AS<br><br>(LASC Case No. BC552390)<br><br>**PLAINTIFF'S REPLY TO OPPOSITION TO MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date: July 13, 2015**<br>**Time: 1:30 p.m.**<br>**Room: 6** |

Plaintiff respectfully submits this Reply to Defendant's Opposition to Motion to Remand:

//

When everything is stripped down from the legal arguments, legal authority, legal theory etc., there is no dispute that Defendant Douglas Choi and Plaintiff James Reynolds are both citizens of California. The very fact Defendant Choi submitted a declaration for the Court to consider lends credence to the notion this Court is literally entertaining evidence from a defendant that is from the same state as the plaintiff in a case that does not involve a federal question. Whether it was yesterday, today or the day after the hearing on this motion, there is no getting away from the fact there is no diversity of citizenship herein. Consequently, this Court cannot assert subject matter jurisdiction to the present matter under 28 USC § 1332.

## MEMORANDUM OF POINTS & AUTHORITIES

### I. PLAINTIFF'S MOTION CHALLENGES THIS COURT'S SUBJECT MATTER JURISDICTION, WHICH HAS NO DEADLINE

Subsection (c) of 28 USC 1447 states in pertinent part (hereinafter "1447 (c)"):

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a). ***If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.*** (*Ibid*.) (emphasis added)

The text of § 1447(c) "specifically excludes a motion to remand based upon lack of subject matter jurisdiction from the thirty day window." (*Ceja-Corona v. CVS Pharmacy*, 2013 U.S. Dist. LEXIS 1894, at *10 (E.D. Cal 2013) ("*Ceja-Corona*") (citing *GMAC Mortg. LLC v. Bruce*, 2010 U.S. Dist. LEXIS 825, at *2

(E.D. Cal. 2010)).) The 9th Circuit has held that "subject matter jurisdiction may not be waived" and that a district must remand the action to state court if subject matter jurisdiction is lacking. (*Ceja-Corona*, 2013 U.S. Dist. LEXIS 1894, at *10; *Resol Group LLC v. Scralett*, 2014 U.S. Dist. LEXIS 166406, at *6 (N.D. Cal. Dec. 1, 2014) ("Resol Group") (citing *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins*. Co., 346 F. 3d 1190, 1192 (9th. Cir. 2003) ("*Kelton Arms*").)

Plaintiff's motion to remand is not an attack on Defendant's removal and thus is not subject to the 30-day deadline prescribed by § 1447(c). Rather, Plaintiff's motion challenges this Court's subject matter jurisdiction over this action on the basis there is no diversity of citizenship between Plaintiff James Reynolds and Defendant Douglas Choi; both residents of California. Ergo, Plaintiff's motion to remand is not untimely, as there is no deadline to file a motion to remand challenging a district court's subject matter jurisdiction.

### A. *LIVELY* IS INAPPOSITE AS IT INVOLVED A CHALLENGE TO REMOVAL, RATHER THAN A CHALLENGE TO SUBJECT MATTER JURISDICTION ITSELF

Defendants erroneously rely on *Lively v. Wild Oats Mkts., Inc.*, 456 F. 3d 933 (9th Cir. 2006) ("*Lively*"), where diversity always existed. *Lively* involved a New York plaintiff and Delaware defendant in a personal injury matter. (*Lively*, 456 F. 3d. at 936.) Unlike the present matter, neither party in *Lively* filed a motion to remand. (See *id*.) Unlike the challenge subject matter jurisdiction in this case, there

was a challenge to the manner of removal in *Lively*. (*Lively*, 456 F. 3d. at 936.) Further distinguishing *Lively* from the present case, it was the district court in *Lively* that, *sua sponte*, issued an order to show cause re remand because "removal appear[ed] to be improper." (*Id*.) This *sua sponte* procedural challenge (i.e., that removal was improper) was done eight months after the case was removed to federal court. (*Id*.)

The Ninth Circuit narrowly framed the issue in *Lively* to "whether the district court correctly applied § 1447(c) by deciding that the forum defendant rule is a jurisdictional limitation that may be invoke *sua sponte* at any time." (*Id*. at 937.) The Ninth Circuit held the forum defendant rule was procedural and that its violation "constitutes a waivable non-jurisdictional defect subject to" § 1447(c)'s 30-day time limit. (*Id*. at 942.)

Since *Lively*, district courts have avoided the draconian result of treating all motions to remand as an attack on procedural grounds. Courts in both the Northern and Eastern Districts of California have treated motions to remand where diversity is at issue as both a procedural challenge, as well as a challenge to subject matter jurisdiction. (*Resol Group*, 2014 U.S. Dist. LEXIS at **5-6 (remand granted for lack of diversity as the plaintiff and defendant were residents of California); *Ceja-Corona*, 2013 U.S. Dist. LEXIS at *10 (remand denied because plaintiff was a California

resident and defendant was a Rhode Island resident); see also *Balzer v. Bay Winds Fed. Credit Union*, 2009 U.S. Dist. LEXIS 47870, at **7-9 (W.D. Mich. 2009) ("cases like *Lively* have created a false and extreme dichotomy between a subject matter jurisdiction challenge that can never be waived . . . and so-called 'procedural challenges' . . . . .").)

Plaintiff herein is not merely challenging the manner of removal to federal court. Unlike *Lively*, where a challenge was to the manner removal, Plaintiff herein is challenging subject matter jurisdiction. Specifically, ***Plaintiff is invoking the second sentence of § 1447(c) in his motion to remand; i.e., that this court lacks subject matter jurisdiction because there is a lack of diversity since Defendant Douglas Choi and Plaintiff are both residents of California***. Such a basis for a motion to remand is allowed under § 1447(c), and there is no deadline to bring such a challenge since a lack of subject matter jurisdiction can never be waived. (*Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F. 3d 593, 594-595 (9th Cir. 1996) ("*Attorneys Trust*").)[1] Thus Plaintiff's motion to remand is timely.

//

//

//

---

[1] This 1996 Ninth Circuit case arrived to the same ruling as the "60+ year old precedent" from the U.S. Supreme Court's ruling in *American Fire Co., v. Finn*, attacked by Defendants in their opposition. (Opp. Remand at p. 4, lns. 11-14.) Whether in 1951, 1996 or today, the result is the same: subject matter jurisdiction can never be waived. (*Attorneys Trust*, 93 F. 3d at 594-595.)

### B. PLAINTIFF'S MOTION WAS FILED WITHIN A REASONABLE TIME AS THE MEET AND CONFER PROCESS DID NOT END UNTIL JUNE 3, 2015

Local Rule 7-3 requires parties meet and confer prior to a contemplated motion being filed. On or about May 28, 2015, counsel for the respective parties had a telephone conversation and discussed how to avoid a motion. (Declaration of Ronald L. Zambrano at ¶ 2 ("Zambrano").) One of the ideas discussed on June 3rd of how to avoid a motion to remand was to agree and stipulate to a remand. (*Id*.) Plaintiff's counsel suggested during this same telephone call, in an effort to "sweeten the pot" and get the case remanded, was an offer to dismiss Defendant Choi so long as he would be made available for deposition. (*Id*.) Counsel for Defendant Boeing replied that he would ask his client and get back to me the following week. (*Id*.)

### C. DISCUSSIONS TO DISMISS DEFENDANT CHOI WERE ENTERTAINED BY BOTH PARTIES AND CONSTITUTE INADMISSIBLE OFFERS TO COMPROMISE

On June 3, 2015, counsel for Defendant emailed Plaintiff's counsel, alleging that Plaintiff's counsel's office engages in improper conduct in trying to avoid federal court. (See Exh. "A" to Decl. Zambrano). Plaintiff's counsel responded by addressing the seriousness of such an allegation, and that such one-way rhetoric is not helpful going forward. (*Id*.) In the same email response, Plaintiff's counsel provided authority on the issue that an attack on subject matter jurisdiction has no deadline. (*Id*.) Both counsel got on the phone later that same afternoon, where it was agreed the meet and confer process under Rule 7-3 had reached its conclusion.

(*Id*.)

Evidence of conduct or statement made in settlement negotiations is not admissible. (Fed. Rule Evidence 408 ("FRE"); see also *Lee Middleton Original Dolls, Inc. v. Seymour Mann, Inc.*, 299 F. Supp. 2d 892, 894-895 (E. D. WI 2004); *EEOC v. Gear Petroleum, Inc.*, 948 F. 2d 1542, 1545 (10th Cir. 1991). The communication regarding dismissal of a defendant in exchange for an agreement to remand is an offer to compromise, is improperly set forth in Defendant's Opposition to Remand, and thus is not admissible.

### D. SHOULD THE COURT VIEW PLAINTIFF'S MOTION TO REMAND AS SOLELY A PROCEDURAL CHALLENGE, THE 30 DAY DEADLINE SHOULD BE EQUITABLY TOLLED TILL AFTER THE CONCLUSION OF THE RULE 7-3 MEET AND CONFER PROCESS

Engaging and concluding the meet and confer process is a requirement under the Local Rules for the Central District of California. Filing a motion prior to its conclusion is grounds for denying a motion in connection thereto.

Plaintiff's counsel initiated the meet and confer process on April 28, 2015. (Exh. "B." Decl. Zambrano.) This is contrary to the implied start date of May 15, 2015, in Defendant's opposing papers. (Opp. Remand p. 3, lns. 22-24.) Counsel for both parties engaged in this process in good faith, exchanging written authority and having meaning discussion, which culminated on June 3, 2015. (See. Exh. "A."

Decl. Zambrano; see also, Exh. "B.")

If this Court will not view Plaintiff's motion to remand as an attack on subject matter jurisdiction, and will only treat it as a procedural challenge (thus applying the 30 day deadline) then the deadline should be equitably tolled until a reasonable time after the conclusion of the required meet and confer process. However, Plaintiff prays this Court view his motion to remand as an attack on subject matter jurisdiction, which has no deadline, as discussed at length above.

## II. DEFENDNAT CHOI (A CALIFORNIA RESIDENT) HARASSED PLAINTIFF (A CALIFORNIA RESIDENT) ON THE BASIS OF AGE, INVIOLATION OF FEHA

Supplementing the evidence *vis-à-vis* his deposition testimony and corrections to same set forth in his initial moving papers, Plaintiff submits further evidence by way of a declaration concurrently filed with this Reply. Reading Defendant's Choi's Declaration in support of the Opposition to Motion for Remand has prompted Plaintiff Reynolds to have specific memories concerning the statements addressed in Defendant Choi's declaration. (Decl. James Reynolds at ¶ 2.)

Although Plaintiff did have formal training for CATIA V5 and ENOVIA V5 computer programs, Defendant Choi refused to assign Plaintiff those tasks, instead assigning those to younger employees. (*Id*. at ¶ 3.) Do to a lack of practice on these

programs, Plaintiff's comfort in doing these programs waned as time went on without practicing those skills. (*Id*.)

During the performance review, Defendant Choi threatened termination if I did not improve my skills, and added, *"Don't you just want to retire and start enjoying life by travelling? Isn't it time now for that?"* (*Id*. at ¶ 4.) Defendant Choi would tell Plaintiff in a condescending manner:

> *You know I could hire a younger person who has grown up with computers who could run circles around your computer performance. They grew up with the computer. And you know it is expensive at your age to provide training for you. Why fight it Jim? It's time for you to take a cruise.* (*Id*. at ¶ 5.)

A particularly demoralizing incident involved Defendant Choi deliberately refusing to assign Plaintiff work utilizing these computer programs, by telling Plaintiff, *"I don't want you working on computer skills"* and that *"a younger computer whiz could by far outperform you."* (*Id*. at ¶ 6.)

Defendant Choi would dig at Plaintiff's age by telling Plaintiff, *"How could you ever hope to be as good as younger people are who grew up with computers. Jim, why not just enjoy yourself with your hobbies."* (*Id*. at ¶ 7.) Defendant Choi would also announce in front a group of fellow engineers that *"our group has a lot of elderly people in it"* and he was *"planning on bringing down some younger people into the group, probably from Seattle."* (*Id*. at ¶ 8.)

Considering all the evidence from Plaintiff regarding the conduct of Defendant Choi (a California citizen), there is at least a possibility (if not more so) that Plaintiff will prevail on either or both of his claims against Defendant Choi. Since there is complete diversity of citizenship is lacking, and this case does not involve a federal question, this court cannot assert subject matter jurisdiction over this matter.

## III. DEFENDANT CHOI AND PLAINTIFF ARE BOTH RESIDENTS OF CALIFORNIA, THUS DIVERSITY IS AND WILL ALWAYS BE LACKING

As Defendant Choi is a resident of California and Plaintiff is a resident of California, this Court is statutorily pre vented from having subject matter jurisdiction over this matter.[2]

### A. FEDERAL COURTS ARE COURTS OF LIMITED JURISDICTION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. (See *Kokkonen v. Guardian Life Ins. Co. of America* 511 U.S. 375, 377 (1994) ("*Kokkonen*"); *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).) The statute that confers basic diversity jurisdiction to federal courts is 28 USC § 1332, which states that "district courts will have original jurisdiction" over civil actions where the matter in controversy exceeds $75,000, and is between citizens of different states. (*Ibid*.)

---

[2] It is worth pointing out that Defendant Choi does not dispute that he is a resident of California in his declaration in support of the Opposition to Remand. (See Decl. Choi in Support of Opp. (filed June 22, 2015).)

The courts have further limited diversity jurisdiction by construing the diversity statutes strictly. Any ***doubt as to whether jurisdiction exists is normally resolves against a finding of such jurisdiction***. (*Kantor v. Wellesley Galleries, Ltd.*, 704 F. 2d. 1088, 1092 (9th Cir. 1983) (emphasis added).) There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. (See *Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).

Here, it is undisputed that Defendant Choi is a citizen of California, which is the same state where Plaintiff resides. Therefore, there is no diversity and this court does not have jurisdiction over this action under 28 USC 1332.

### B. DEFENDANTS CHOI AND BOEING HAVE THE BURDEN OF SHOWING THIS COURT HAS DIVERSITY JURISDICTION OVER THE PRESENT MATTER.

Federal courts are presumptively without jurisdiction over civil actions and the ***burden of establishing the contrary rests upon the party asserting jurisdiction***. (*Kokkonen*, 511 U.S. at 377 (emphasis added).) "When the court's subject matter jurisdiction is at issue . . . the party who invoked the federal court's jurisdiction has the burden of establishing it." (*Resol Group*, 2014 U.S. Dist. LEXIS 166406, at **6-7 (citing *Rosset v. Hunter Eng'g Co.*, 2014 U.S. Dist. LEXIS 97441, at *5 (N.D. Cal. July 7, 2014)) (emphasis added).)

### C. DEFENDANTS CANNOT ESTABLISH DEFENDANT CHOI IS NOT A CITIZEN OF CALIFORNIA, WHICH RESULTS IN A LACK OF SUBJECT MATTER JURISDICTION

It is undisputed Defendant Choi is a citizen of California (the same as Plaintiff), and therefore diversity is lacking and this court cannot have subject matter jurisdiction over this action. For this reason, Plaintiff respectfully prays this court remand this action back to state court.

### D. DEFENDANTS CANNOT ESTABLISH THERE IS NO POSSIBILITY PLAINTIFF CAN PREVAIL AGAINST DEFENDANT CHOI

Moreover, Defendants cannot meet their burden of showing there is no possibility Plaintiff can prevail on either claim of Harassment Based on Age or Intentional Infliction of Emotional Distress ("IIED").

#### 1. A Possibility Exists that Plaintiff May Prevail Against Defendant Choi For Hostile Work Environment Harassment

Defendants first attack Plaintiff's harassment claim on the premise that it is barred by the statute of limitations. Not so, as Plaintiff facts against Defendant Choi invoke the "continuing violation" doctrine. The continuing violation doctrine comes into play when an employee raises a claim based on conduct that occurred in part outside the limitations periods. (Ming, Wiseman, Callahan & Exelrod, *California Practice Guide-Employment Litigation*, "Other Defenses," Ch. 16, pars. 16:264, 16:483.5 (Rutter Group 2014).) Provided at least one of the acts occurred within the statutory period, the employer may be liable for the entire course of conduct,

including acts predating the statutory period, under the continuing violation doctrine. (*Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798, 823-824 (2001) (limitations period not necessarily triggered when employee first believes his or rights may have been violated).). Defendant is correct that Plaintiff filed his Complaint of Discrimination under the FEHA on July 15, 2014. (Opp. Remand at p. 10, ln. 14.) Defendant is incorrect there is no alleged harassing conduct within a year of July 15, 2014. Specifically, Plaintiff was subjected to the following ageist comments by Defendant Choi between July 14, 2013 and the commencement of his leave of absence in March 2013: *"I don't want you working on computer skills;" "a younger computer whiz could by far outperform you;""How could you ever hope to be as good as younger people are who grew up with computers? Jim, why not just enjoy yourself with your hobbies;" "our group has a lot of elderly people in it"* and that Defendant Choi was *"planning on bringing down some younger people into the group, probably from Seattle."* (See Decl. Reynolds.) Therefore, Plaintiff's harassment claim against Defendant Choi is not barred by the statute of limitations by virtue of the continuing violation doctrine.

The second attack to Plaintiff's harassment claim against Defendant Choi is that Plaintiff's deposition corrections should be ignored. Defendants narrowly read what is permitted under FRCP 30(e)(1)(B), which places no limitations on the types of changes that may be made by the deponent before signing the depositions.

(Schwarzer, Tashima &Wagstaffe, *California Practice Guide-Federal Civil Procedure Before Trial*, "Discovery," Ch. 11, par. 11:1593 (Rutter Group 2008).) Courts hold that flat out contradictions are permitted, and the court has no power to examine the legitimacy of reasons for the changes. (*Podell v. Citicorp Diners Club, Inc.*, 112 F. 3d 98, 103 (2nd Cir. 1997) (although the deponent may be impeached at trial on the basis of the original answers).) Defendant's reliance on *Hambleton Bros. Lumber Co. v. Balkan Enterprises, Inc.* ("*Hambleton Bros.*") is misplaced. (Opp. Remand at p. 12, lns. 24-27.) The Ninth Circuit in *Hambleton Bros.* ruling on this issue is narrow in scope, as it held that a district court may treat as a sham evidence which appears as "purposeful rewrites" in order avoid summary judgment. (*Hambleton Bros. Lumber Co. v. Balkan Enterprises, Inc.*, 397 F. 3d 1217, 1225 (9th Cir. 2005).) However, unlike in *Hableton Bros*, Plaintiff herein did not make any changes for the purposes of avoiding an unfavorable ruling on summary judgment, or any unfavorable ruling. Indeed, Plaintiff's workers' compensation testimony still presents evidence that creates a possibility that Defendant Choi may be liable for a harassment on the basis of age. In lieu of the above, Plaintiff's changes to his deposition cannot be ignored by this court under FRCP 30.

Defendant's final attack to the harassment claim against Choi is on the merits, alleging no possibility of Plaintiff prevailing in his hostile work environment claim. But, as stated in full in his initial moving papers, a few acts (or even a single act) by

supervisor may be sufficiently severe to suffice for a claim of harassment. (See *Dee v. Vintage Petroleum* 106 Cal. App. 4th 30 (2d Dist. 2003); see also *Brooks v. City of San Mateo*, 229 F 3d. 917, 927, fn. 9 (9th Cir. 2000).) Here, Defendant Choi made not one ageist comment (which creates liability in of itself), but many ageist comments directed to Plaintiff: *"I don't want you working on computer skills;" "a younger computer whiz could by far outperform you;" "How could you ever hope to be as good as younger people are who grew up with computers? Jim, why not just enjoy yourself with your hobbies;" "our group has a lot of elderly people in it"* and that Defendant Choi was *"planning on bringing down some younger people into the group, probably from Seattle."* (See Decl. Reynolds.)

**2. A Possibility Exists that Plaintiff May Prevail Against Defendant Choi Under an IIED Theory**

Defendants' primary salvo against Plaintiff's IIED claim is on the premise such a remedy is exclusively within the jurisdiction of the Workers' Compensation Act (the "Act.") Defendants' artfully crafted argument is premised on the red-herring that Plaintiff's IIED theory relies on an underlying public policy claim. (Opp. Remand at pp. 17-19.) But this is an inaccurate representation. Rather, Plaintiff's IIED claim is based on the ageist harassment by Defendants, which is a violation of the FEHA. (Compl. Reynolds, par. 84 (filed July 22, 2014).) Conduct that is outside the contemplated employment bargain (e.g., harassment, discrimination, retaliation, etc.) is not subject to the Act's exclusivity provisions. ((*City of Moorpark*

*v. Sup. Ct.*, 18 Cal. 4th 1143, 1153 (1998) (“ the ‘compensation bargain’ cannot encompass conduct, such as sexual or racial discrimination.”); see also *Vierra v. Cal. Highway Patrol*, 644 F. Supp. 2d 1219, 1247 (E.D. Cal. 2008).) Here, Defendant Choi’s ageist comments directed at Plaintiff cannot be part of the contemplated employment bargain as they are in violation of the FEHA. (See Compl. Reynolds) No employee should be expected agree to expect and acquiesce to harassment on the basis of age, race or sex in his or her workplace. Therefore, Plaintiff’s IIED claim against Defendant Choi, based on conduct violating FEHA, is not subject to the exclusivity provisions of the Act.

Defendants’ also assert that Plaintiff’s workers’ compensation deposition testimony undermine any possibility of prevailing in an IIED claim.[3] (Opp. Remand at p. 21, lns. 24-28.) A defendant that engages in "conduct intended to inflict injury or engaged in with the realization that injury will result" gives rise to a claim for IIED. (*Davidson v. City of Westminister*, 32 Cal.3d 197, 209 & 211 (1982).) Plaintiff alleges that he was subjected to a variety of ageist comments by Defendant Choi, including but not limited to: *“I don’t want you working on computer skills;” “a younger computer whiz could by far outperform you;” “How could you ever hope to be as good as younger people are who grew up with computers? Jim, why not just*

[3] For all the importance Plaintiff’s testimony in connection with his workers’ compensation case has been given by Defendants, there is little to no evidence that Plaintiff was examined by the workers’ compensation insurance defense counsel with the premise of soliciting any and all facts supporting Plaintiff’s FEHA and IIED claims as alleged in his civil action.

*enjoy yourself with your hobbies;" "our group has a lot of elderly people in it"* and that Defendant Choi was *"planning on bringing down some younger people into the group, probably from Seattle."* (See Decl. Reynolds.)

Respectfully, this Court cannot conclude that Plaintiff has no possibility of stating a claim of intentional infliction of emotional distress ("IIED"). (See, e.g., *Asurmendi v. Tyco Electronics Corp.*, 2009 WL 650386, at *5 (N.D. Cal. 2009) (concluding that supervisor's verbal criticism, including the verbal reprimand that Plaintiff was doing things the "old fashioned way," could form a sufficient basis for an intentional infliction of emotional distress claim).)

## IV. CONCLUSION

Based on the forgoing, this court lacks subject matter jurisdiction under 28 USC § 1332 because Defendant Choi and Plaintiff are both citizens of California. Therefore, Plaintiff respectfully prays that this matter immediately be remanded back to state court.

DATED: June 29, 2015

CARLIN & BUCHSBAUM, LLP

By: /s/ *Ronald Zambrano*

Gary R. Carlin
Ronald L. Zambrano
Attorneys for Plaintiff,
JAMES REYNOLDS

**CERTIFICATE OF SERVICE**

Name of Case

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 555 East Ocean Blvd., Suite 818, Long Beach, California 90802.

On June 29, 2015, I served the foregoing document described as:

**PLAINTIFF'S REPLY TO OPPOSITION TO MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

The true copies thereof were enclosed in a sealed envelope and addressed as follows:

**Counsel for Defendants,**
**Daniel F. Fears, Esq.**
***dff@paynefears.com***
**Andrew K. Haeffele, Esq.**
***akh@paynefears.com***
**PAYNE & FEARS, LLP**
**4 Park Plaza, Suite 1100**
**Irvine, California 92614**

***Facsimile: (949)851-1212***

XX **BY CM/ECF:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

___ **BY MAIL:** I am readily familiar with my employer's practice for collection and processing of documents for mailing with the United States Postal Service and that practice is that the documents are deposited with the United States Postal Service with postage fully prepaid the same day as the day of collection in the ordinary course of business. On this date, I served the above interested parties following my employer's ordinary business practices.

___ **BY OVERNIGHT DELIVERY**: I caused such envelope to be delivered via overnight delivery (FedEx) addressed as indicated above for deposit and delivery by The Law Offices of Carlin & Buchsbaum, LLP, following ordinary business practices

___ **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee.

___ **BY FACSIMILE:** I caused such document to be served on all parties to this action via facsimile at the numbers indicated on the attached service list. The facsimile machine I used complied with Rule 2003 and no error was reported by the machine. Pursuant to Rule 2006, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this document.

**XX** **(FEDERAL)** I declare under penalty of perjury under the laws of the United States that the above is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed, June 29, 2015, at Long Beach, California.

/s/ Kimberly Kelly
KIMBERLY KELLY, Declarant