**LAW OFFICES OF CARLIN & BUCHSBAUM LLP**
GARY R. CARLIN, CSBN: 44945
BRENT S. BUCHSBAUM, CSBN: 194816
  *brent@carlinbuchsbuam.com*
RONALD L. ZAMBRANO, CSBN: 255613
  *ronald@carlinbuchsbaum.com*
555 East Ocean Blvd., Suite 818
Long Beach, CA 90802
Telephone:  (562) 432-8933
Facsimile:   (562) 435-1656

Attorneys for Plaintiff,
JAMES REYNOLDS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES REYNOLDS<br> Plaintiff(s),<br><br>          v.<br><br> THE BOEING COMPANY, et al.<br> Defendant(s). | CASE NO: 2:15−cv−02846−SVW−AS<br><br>**PLAINTIFF JAMES  REYNOLDS' DECLARTION IN SUPPORT OF REPLY TO OPPOSITION TO MOTION FOR REMAND**<br><br>**Date:   July 13, 2015**<br>**Time:   1:30 p.m.**<br>**Room:  6** |

I, James Reynolds, declare as follows:

1.      I am the Plaintiff in the within action, *James Reynolds v. The Boeing Company and Douglas Choi*.  I have firsthand knowledge of the facts set forth below, and could and would testify competently thereto if called upon to do so.  I submit this declaration in support of the Reply to Defendant's Opposition to Motion to Remand.

2.      I have read Defendant Douglas Choi's Declaration in Support of Opposition to Motion to Remand.  Reading Defendant's Choi's Declaration has prompted the following memories concerning the statements addressed therein.

3.      In September 2012,  I attended formal training for CATIA V5 and ENOVIA V5 programs computer programs;  however, no work was assigned to me by Defendant Choi so that I could spend time working with the knowledge I gained.  Therefore, if learning isn't used, especially on complex computer systems, learning begins to fade.  Within months of this training, Doug Choi started asking me about my retirement plans and if I would enjoy travelling.  He wanted to know when I planned to retire.  I told him that "it wasn't in my plans yet, that I liked

DECLARATION OF PLAINTIFF REYNOLDS IN SUPPORT OF
REPLY TO OPPOSITION TO MOTION TO REMAND

being an Engineer."

4.      In or about July 25, 2013, Defendant Choi told me during my performance review that I needed to increase my computer skills or he would be taking me to Human Resources come December 2013.  I asked him, what would happen if he were to take me to Human Resources; i.e., if HR would fire me or lay me off. Doug Choi said, *"Yes, they would if you don't improve your computer skills."* Then, he said, *"Don't you just want to retire and start enjoying life by travelling. Isn't it time now for that?"*

5.      During the same performance review in July 2013Defendant Choi told me condescendingly and with a frown, *"You know I could hire a younger person who has grown up with computers who could run circles around your computer performance.  It is because they have grown up with the computer. And you know it is expensive at your age to provide training for you.  Why fight it Jim? It's time for you to take a cruise."*

6.      In or about September 2013, I found a person who agreed to tutor me on these computer systems, Mr. Jim Gardner.  But, Defendant Choi needed to approve this tutor.  However, Defendant Choi denied me this tutor, and instead assigned me to

another task thus sabotaging my attempts to save my job, telling me *that "I don't want you working on computer skills."* At this point, Defendant Choi demoralized me by telling me again how *"a younger computer whiz could by far outperform you."* Again, he repeated told me how much I would enjoy retirement and travelling.

7.      Between July 2013 and March 2014, Defendant Choi began to frown at me and every time he was alone with me, i.e. in the elevator, in the hallway, in the office, outside, and he would regularly tell me how much more I would enjoy travelling at this point in my life. He would also tell me how better a younger employee could perform my job – especially in the computer area. He would say things like, *"How could you ever hope to be as good as younger people are who grew up with computers. Jim, why not just enjoy yourself with your hobbies."*

8.      In the Fall of 2013 while some of us engineers were together, Defendant Choi looked around at us and said that *"our group has a lot of elderly people in it"* and he was *"planning on bringing down some younger people into the group, probably from Seattle."*

//

//

9.      I also would like to address the Defendant's notion I only attributed one ageist comment to Defendant Choi, which is untrue.  To the extent that I made corrections to my depositions, I did so as I was not feeling all that well and had trouble remembering events.  Moreover, at the time I was taking Tramadol, which I have since learned had some effect on my memory.  I weaned off of Tramadol approximately one week ago because of this side-effect.


I declare under penalty of perjury that the above is true and correct under penalty of perjury under the laws of the State of California and the laws of the United States.


Date : June 29, 2015                    _____

                                        Plaintiff James Reynolds, declarant

DECLARATION OF PLAINTIFF REYNOLDS IN SUPPORT OF
REPLY TO OPPOSITION TO MOTION TO REMAND

## CERTIFICATE OF SERVICE

Name of Case

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 555 East Ocean Blvd., Suite 818, Long Beach, California 90802.

On June 29, 2015, I served the foregoing document described as:

**PLAINTIFF' JAMES REYNOLDS' DECLARATION IN SUPPORT OF REPLY TO OPPOSITION TO MOTION FOR REMAND**

The true copies thereof were enclosed in a sealed envelope and addressed as follows:

**Counsel for Defendants,**
**Daniel F. Fears, Esq.**
*dff@paynefears.com*
**Andrew K. Haeffele, Esq.**
*akh@paynefears.com*
**PAYNE & FEARS, LLP**
**4 Park Plaza, Suite 1100**
**Irvine, California 92614**

***Facsimile: (949)851-1212***

**XX** **BY CM/ECF:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

____ **BY MAIL:** I am readily familiar with my employer's practice for collection and processing of documents for mailing with the United States Postal Service and that practice is that the documents are deposited with the United States Postal Service with postage fully prepaid the same day as the day of collection in the ordinary course of business.  On this date, I served the above interested parties following my employer's ordinary business practices.

____ **BY OVERNIGHT DELIVERY**: I caused such envelope to be delivered via overnight delivery (FedEx) addressed as indicated above for deposit and delivery by The Law Offices of Carlin & Buchsbaum, LLP, following ordinary business practices

____ **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee.

_____    **BY FACSIMILE:** I caused such document to be served on all parties to this action via facsimile at the numbers indicated on the attached service list. The facsimile machine I used complied with Rule 2003 and no error was reported by the machine.  Pursuant to Rule 2006, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this document.

**XX**    **(FEDERAL)** I declare under penalty of perjury under the laws of the United States that the above is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed, June 29, 2015, at Long Beach, California.

/s/ Kimberly Kelly
KIMBERLY KELLY, Declarant